## SECOND DEPARTMENT, FEBRUARY, 1971

### (February 1, 1971)

ANNE BRONSTEIN, as Administratrix of the Estate of ABE BRONSTEIN, Deceased, Respondent-Appellant, v. CITY OF NEW YORK et al., Appellants-Respondents, et al., Defendant. (Action No. 1.) FILOMENA SPAGNOLO, as Administratrix of the Estate of MARK M. SPAGNOLO, Deceased, Respondent-Appellant, v. CITY OF NEW YORK et al., Appellants-Respondents, et al., Defendant. (Action No. 5.) (And Other Titles.) — No opinion. Judgment reversed insofar as it is against defendant the City of New York, on the law and the facts, with one bill of costs to the City of New York against plaintiffs Bronstein and Spagnolo jointly, and complaint of said plaintiffs as against the City of New York dismissed. Judgment reversed insofar as it is against defendant Clymer Realty Corp., on the law, and, as between plaintiffs Bronstein and Spagnolo and said defendant, action severed and new trial granted, wth costs to abide the event. We have considered the questions of fact and have determined that we would not grant a new trial as to this defendant upon those questions. Defendant Clymer Realty Corp. was the owner of a building at 49-61 Clymer Street, Brooklyn. In November, 1961 an unsafe building violation notice was filed against the building, citing loose, cracked and defective brickwork at the extreme rear of the west wall and bulging of the brickwork and broken lintels on the rear wall. The violation notice was not removed, nor were the conditions corrected, prior to the accident in question. On February 18, 1963 a water storage tank, located on the roof, came free from its support and crashed through the building, killing two persons, injuring others and causing property damage. The evidence does not show

that collapse of the tank was proximately caused by failure of the City of New York to have the unsafe building violation corrected. There was insufficient evidence introduced to show that the collapse of the tank structure was caused by the defects cited in the violation notice or to exclude the possibility that the collapse was caused by independent deterioration of the parapet walls supporting the tank. Further, the evidence does not warrant a conclusion that notice of the unsafe building violation constituted actual notice of the dangerous condition of the tank structure. Additionally we hold that the following instruction to the jury amounted to a direction of a verdict against Clymer Realty Corp. which precluded any consideration of actual negligence: " If you find that the Building Department of the City of New York placed an unsafe building violation on this property and that the Defendant Clymer Realty Corporation was served with notice informing it of this violation, and that the violation had not been corrected within the time provided in the Administrative Code, and, further, if you find that the Building Department, charged with enforcing these sections of the Administrative Code, failed to follow through as provided in the sections of the Administrative Code as read to you, you may find in favor of the plaintiffs against the Defendant City of New York *and the Defendant Clymer Realty Corporation*" (italics supplied). Since the evidence does not support a finding that failure to correct the violation was a proximate cause of the tank collapse, this instruction was improper. The unsafe building violation would only be some evidence of Clymer's notice of the dangerous condition of the building generally or of its failure in the exercise of due care to discover the danger of a tank collapse. Hopkins, Acting P. J., Munder, Latham, Shapiro and Christ, JJ., concur.